IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

BERNARD M. MEADE,

    Plaintiff,

v.                              CIVIL ACTION NO. 3:06-1007

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM ORDER**

In this action, filed under the provisions of 42 U.S.C. § 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his application on November 19, 2003, alleging disability as a consequence of sleep problems, obesity, emphysema, asthma, leg problems, congestive heart failure, depression and arthralgia. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-nine years of age and had obtained a high school education. His past relevant employment experience consisted of work as a

ride operator at an amusement park. In his decision, the administrative law judge determined that plaintiff suffers from "shortness of breath, obesity, anxiety disorder (NOS), and borderline intellectual functioning," impairments which he considered severe. Concluding that plaintiff had the residual functional capacity for a limited range of medium level work and that plaintiff's past work was not precluded by these limitations, he found plaintiff not disabled.

At the outset, the Court notes that plaintiff submitted additional evidence subsequent to the filing of his brief. Finding that remand of this case is necessary to correct deficiencies in the record, the Court will dispense with discussion as to whether the new evidence provides an independent basis for remand.

The administrative law judge, as noted, concluded the evidence established that plaintiff's shortness of breath, obesity, anxiety disorder NOS and borderline intellectual functioning were "severe" impairments. Absent from this list is any mention of plaintiff's difficulties with his knees. He testified that this was one of his most significant medical problems and causes him pain with standing, walking and sitting. He reported to his treating physician, Dr. Harper, on April 9, 2003 that he had recently fallen and hurt his right knee. At a follow-up appointment on May 27, plaintiff reported pain in the left knee with sitting for any length of time. Dr. Harper noted crepitus in both knees but no tenderness and diagnosed osteoarthritis in the left knee. While examinations have not shown gait abnormalities, Dr. Nutter, the Commissioner's consultative evaluator, detected pain, crepitus, swelling, valgus deformity[1] and limited range of motion in both knees. Plaintiff was unable to squat due to knee pain and limited range of motion. He also could not balance on one leg or

---

[1] An abnormal turning outward of the knees, away from the midline of the body. Attorney's Dictionary of Medicine, V-13 (2007).

perform tandem gait, with these attributed to dizziness which was being treated by another physician. Dr. Nutter diagnosed arthralgia with probable degenerative arthritis.

Though plaintiff did not receive regular treatment for knee problems, Dr. Nutter's findings suggest, at the very least, a limitation on ability to squat, and possibly restriction in other areas as well, especially when this condition is considered in combination with plaintiff's morbid obesity and COPD which testing has revealed is characterized by both restrictive and obstructive components and is not responsive to bronchodialation. As the court noted in Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989), "it is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity." Therefore, in evaluating the effect of various impairments upon a claimant, the Commissioner "must consider the combined effect of a claimant's impairments and not fragmentize them."[2] The Court further noted a "corollary" to this requirement is that "the ALJ must adequately explain his or her evaluation of the combined effects of the impairments."[3]

In this instance, the administrative law judge considered most of plaintiff's impairments separately, except knee problems, but it is apparent he did not adequately consider the impact that those impairments in combination would have on plaintiff's ability to perform work, nor did he sufficiently explain his evaluation of the combined effects. The Court concludes, therefore, that remand for a reconsideration of plaintiff's residual functional capacity is necessary. As part of that evaluation, the Commissioner should also consider and possibly more fully develop the evidence as to plaintiff's use of oxygen during the day. While he testified that he receives oxygen continuously

---

[2] Id. See also, Reichenbach v. Heckler, 808 F.2d 309 (4th Cir. 1985).

[3] Id. citing Reichenbach v. Heckler, 808 F.2d at 312.

3

while sleeping because it is connected to the CPAP machine he uses for sleep apnea, he revealed that he sporadically uses oxygen during the day, about two to three times, for shortness of breath that is brought on by activity. Plaintiff related the duration of the oxygen use was fifteen to thirty minutes at a time. The vocational expert testified that oxygen use this number of times and for this length each time would be outside the limits of what employers would accept in a job setting. Therefore, if plaintiff's testimony is accurate or credible, he would be unable to maintain employment. Little explanation about this issue was given by plaintiff, and he was not asked to provide much detail about what could potentially be a significant issue in his claim. The administrative law judge merely mentioned his assertions in this regard in the discussion of the evidence but made no finding as to their credibility. This issue thus remains unresolved. On remand, the Commissioner should request plaintiff to provide additional evidence as to his use of oxygen during the day and, if what plaintiff submits is deemed insufficient, the Commissioner should explore this issue further. The parties should also be permitted to submit additional, relevant evidence.

On the basis of the foregoing, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this Memorandum Order.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: July 14, 2009

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

4